995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Antonio RODRIGUEZ, Defendant-Appellant.
 No. 92-10422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided June 3, 1993.
 
 1
 Before BROWNING and CANBY, Circuit Judges, KELLEHER,* Senior District Judge.
 
 ORDER
 
 2
 Appellant challenges his conviction for possession of marijuana with intent to distribute, 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(vii), on grounds of double jeopardy. Judge Richard M. Bilby declared a mistrial after closing arguments in Appellant's first trial to permit the government to introduce new evidence at a second trial.
 
 
 3
 As a general rule "criminal defendants have a right to have the jury first empaneled to try them reach a verdict." United States v. Bates, 917 F.2d 388, 392 (9th Cir.1990). Where, as here, a defendant has not knowingly and intelligently waived his double jeopardy rights retrial is proper only when the mistrial resulted from manifest necessity. Id.
 
 
 4
 The government argues that the mistrial was manifestly necessary because it was surprised by Appellant's defense of mistaken identity. It urges that a second trial was appropriate to permit it to introduce evidence to rebut this defense. We disagree. Manifest necessity does not justify a mistrial "to help the prosecution, at a trial in which its case is going badly, by affording it another, more favorable opportunity to convict the accused." Gori v. United States, 367 U.S. 364, 369 (1961). Accordingly, Appellant's conviction cannot stand.
 
 
 5
 REVERSED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation